CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 7 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID SPRINKLE, | ) |
| Plaintiff, | ) Case No. 7:11CV00102 |
| v. | ) MEMORANDUM OPINION |
| UNNAMED DEFENDANTS, | ) By: Glen E. Conrad |
| Defendants. | ) Chief United States District Judge |

Plaintiff David Sprinkle, a Virginia inmate proceeding pro se, has submitted a letter, seeking immediate court intervention on grounds that a local jail is not providing him with pain medication prescribed by his own doctors. The court construed and filed this submission as a new civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, along with a motion for interlocutory injunctive relief. Upon review of the record, the court finds that Sprinkle's motion for interlocutory injunctive relief must be denied.[1]

## Background

Sprinkle is currently incarcerated at the Roanoke City Jail. He states that he has a "driving charge," but was unable to pay the $250.00 necessary to be released on bond. Sprinkle suffers from "polycystic kidney disease and ischemic brain disease," for which he requires regular pain medication. After his incarceration at the jail, a doctor there stopped providing him with "hydr[ocodone] 10-325 X every 4 hours," as prescribed by Sprinkle's own doctor, Stephen Thompson, M.D. Sprinkle told the doctor at the jail that prior doctors had provided the

---

[1] By separate order, however, the court will allow the underlying civil action to go forward and allow Sprinkle the opportunity to amend his allegations.

hydrocodone prescription and that stopping it would cause him harm, but the medication was stopped anyway.

Sprinkle also refers to evidence and findings concerning his medical need for pain medication for the same medical conditions in an earlier lawsuit he filed during a previous period of incarceration at Dillwyn Correctional Center: Sprinkle v. Barksdale, 7:08CV00430 (W.D. Va. Dec. 30, 2009). In that case, a prison doctor changed Sprinkle's pain medication prescription, and Sprinkle moved for interlocutory injunctive relief, asking that he receive the same dose of medication that he had been receiving before the change. The court ultimately denied interlocutory relief, because the record indicated that a doctor was monitoring Sprinkle's medical needs, the court could not second-guess a doctor's medical judgment, and a disagreement between patient and doctor over course of treatment is not sufficient to state any constitutional claim actionable under § 1983.

## Discussion

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)). Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Id. at 347.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional

violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998).

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986)

In his current submission, Sprinkle does not allege facts indicating that he is entitled to interlocutory injunctive relief. Even assuming that his medical conditions present a serious need for medical treatment, his allegations indicate that at the jail, a medical doctor is monitoring the course of treatment he is receiving. Moreover, Sprinkle does not allege that the doctor failed to evaluate his conditions before stopping the prescription or that the doctor failed to offer any alternative remedy for his pain. The mere fact that the doctor did not follow the exact prescription that a previous doctor found appropriate does not demonstrate deliberate indifference. The court cannot second-guess the jail doctor's medical judgment that Sprinkle's

medication should be changed. Even if the doctor's decision to stop the medication was not professionally reasonable, so as to constitute medical negligence or malpractice, such claims alone do not give rise to any constitutional claim actionable under § 1983. Based on the foregoing, the court concludes that Sprinkle has failed to demonstrate a likelihood of success on the merits of his § 1983 claim.

Without a showing of a likelihood of success on the merits, Sprinkle cannot demonstrate all four factors necessary under the Real Truth standard so as to show that he is entitled to the extraordinary remedy he seeks. 575 F.3d at 346-47. Accordingly, the court must deny his motion for interlocutory injunctive relief. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of March, 2011.

_____
Chief United States District Judge